[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above captioned matter was begun as a petition for dissolution of a partnership known as Revco. The matter went to judgment providing for an accounting and the parties agreed upon a CPA to perform that accounting. Subsequently, when there arose a problem of paying for the CPA agreed upon, the parties modified the judgment by eliminating the agreement concerning the CPA and the matter was assigned for trial on the hearings in damages list.
The plaintiff presented his case through an accountant, Mr. Klucznik a certified public accountant. He reviewed the available records including records of the Andrews Limited Partnership of which the defendant was the general partner. This became an important point of contention as there were a number of items the defendant had listed as contributions to this partnership which were listed in different categories on the books of the Andrews Limited Partnership.
Mr. Klucznik impressed the court as a highly competent professional who used his best judgment in attempting to provide the court with a fair and equitable accounting based on all of the information available and consistent with recognized methods and rules of sound accounting practice. He in no way gave the appearance of a "hired gun", quite the contrary, he came across as a professional who had done a sound and sensible job, the kind you would hope that would be performed by any accounting professional agreed upon by the parties to provide the final accounting.
He was subject to extensive cross examination by the defendant who apparently had a great deal of experience with financial dealings and records not only through this partnership but also including several other partnerships he was involved in as well as his experience at Colonial Realty. The bookkeeping of both this partnership and Andrews Limited was a tangled web making it difficult to keep track of where the money belonged. Mr. Klucznik satisfied the court that his approach was thoughtful, careful, accurate and an honest attempt to provide a fair and accurate accounting. He handled cross examination well and had sound answers for all questions raised. As a result, the court was impressed with the evidence offered and started with the accounting as a major building block in reaching its conclusion.
The defendant, in attempting to come up with his own method of dividing the proceeds, had a number of different theories as to how the money should be divided and accounted for. He claimed, for instance, that anything he started before the formation of the partnership was his and that several of the things he did were done personally and were not to be CT Page 3876 shared in by this partnership.
After hearing the evidence and in attempting to accommodate the parties, the court made a limited finding and conclusion in the hope that that would give the parties some guidance with which they could reach an agreed upon disposition. What the court did was conclude that this partnership was entitled to receive and divide equally the fees for all work performed after September 1, 1986, the date the partnership was formed. This includes all work performed after that date for such other entities as Andrews Limited Partnership and MDC. This was the basis on which Mr. Klucznik performed his accounting.
Based on Mr. Klucznik's calculations, Mr. Chavez owed Mr. MacDonald $49,360.00. The court was persuaded based on the defendant's testimony and a full review of all the evidence that there were several adjustments that needed to be made to that figure. In short, had Mr. Chavez been available for consultation and provided the information that he offered in court, which the court accepted, the following adjustments would have been made by Mr. Klucznik: Check #802 — ($94.78), #811 ($94.78), #516 ($160.00), #810 ($717.68), #566 ($11.72), #546 ($276.99). The total being $1,355.95 resulting in a deduction of 1/2 or $677.98 from the amount due.
Another area of adjustment that the defendant persuaded the court on were several items should have been charged to Mr. MacDonald that were not, probably because the individual items were not brought to Mr. Klucznik's attention. The court is satisfied that the following items require an adjustment as the defendant satisfied the court on each item: Check #1015 ($10.00), #1053 ($106.00), #1061 ($360.00), #1807 ($100.00), #1109 ($300.00), #1147 ($400.00), #1156 ($63.00), #1157 ($150.00), #181 ($182.50), #1323 ($578.00), #1326 ($420.00), #1294 ($70.00), #1351 ($8.00), #1374 ($200.00), #1375 ($300). Total $3,247.50. This requires a deduction of $1,623.75.
As to the monies received by Mr. Chavez from Colonial Realty, the court finds on the state of the evidence that it is more likely than not that this money was part of a separate arrangement as opposed to fees earned by the Revco partnership. In any event, the plaintiff failed to satisfy his burden of proof that these were fees earned and hence is not entitled to any adjustment on this claim.
As to the furniture in dispute, the court notes that the parties in their formation of the partnership intended to file a listing of furniture that was to be dedicated to the partnership and become a part of the partnership assets. What CT Page 3877 did happen instead was that there were a number of items that were used by the partnership over its lifetime. It might well be that this would be a sufficient basis for the items being treated as a partnership asset on a defacto basis. In any event, neither party provided the court with a factual basis for which the court could conclude that any adjustments were due here. The major item of value in this category was the computer which was removed by Mr. MacDonald upon his withdrawing from the partnership. However, the court was not given any evidence as to its value on the date of taking and hence has no legal basis for making an adjustment. The court notes that this is probably not inequitable, in any event, since the note which the plaintiff paid off on this item may very well have approximated its value.
The court is also satisfied that an adjustment is required for the management fees collected by Mr. McDonald for work done by Revco for its work performed prior to December 1, 1988. The court is satisfied based on Mr. Chavez's examination of Mr. MacDonald that it was proven by a fair preponderance of the evidence that the outstanding fees due were collected. Those amounts due are as set forth in defendant's Exhibit Q, as the court found Mr. Chavez's testimony credible on this issue. The maintenance fees are not included as the court is not satisfied that these were in fact collected by Mr. MacDonald. The court finds that Mr. MacDonald collected $14,732.80 in management fees due Revco and thus an adjustment of $7,366.40 is required.
In summary, the figure of $49,360.00 requires adjustments in Mr. Chavez's favor as follows: $677.98; $1,623.75; $7,366.40 a total of $9,668.13 resulting in a figure of $39,691.87 due Mr. MacDonald from Mr. Chavez.
WILLIAM M. SHAUGHNESSY, JR. JUDGE, SUPERIOR COURT